Tiana Hill v. Clayton County, Georgia With respect to the court, I believe that argument is in moot in that the parties that are making the allegations were either dismissed with presidents, so they had absolute no standing to pursue this action. And the other party pursuing the case did not have standing because they were not included in the settlement agreement. They were not a part of this case. So resolving this case does not affect that case. Those are the cases, so they were complained within the case. You had one complaint. Yes, sir. Complaints to a number of entities. Yes, sir. Including the medical provider, and Clayton County, and the sheriff, right? Yes. You settled. I know you take issue with some of this, but there was a settlement with the medical provider, right? With the medical provider and the doctor, yes. Yes. Both parties, yes, sir. There was no settlement and no disposition of Ms. Hill's claims against the other defendants, right? No, Your Honor. So how is this final? That complaint is still there. All you've done is resolve a set of claims against one or two defendants and left the remainder of the case there. Potentially, it would be no different than if the court had ruled against you with regard to the medical provider on summary judgment and said the claims against the county and against the sheriff go to trial. You couldn't have immediately appealed that partial summary judgment order. So the case allusion, the exact name case allusion, that is considered two different scenarios by the courts and on this level. Denial of a motion to enforce settlement agreement does leave further claims and is not immediately appealable. A denial of a motion for summary, I mean a granting of a motion to enforce settlement agreement thereby terminates the claims. Ms. Hill, the court is saying, at this point, you cannot pursue these claims at all. You're done. What kind, what kind? The court overly, and that's what it, they, yes, for lack of a better term, they say medical claims. Yeah, for lack of better terms, they said medical claims. They said against the remaining parties. They said you can no longer, you can no longer, so they acknowledged that the other party was dismissed. You have a second amended complaint right now in the district court, right? Yes. And that complaint had a bunch of claims, right? Yes, Judge. It has medical claims? It had claims for the non-delivery of medical care. And it also has other claims too, right? It did as well, yeah. It has other claims against the sheriff, right? Yes, Judge. And the county? Yes, Judge. The sheriff and the congressman. No, the district court says you can't pursue the medical claims, right? No, it actually was more expansive, Judge. It said we can't pursue. Whatever it said, let's go back. You have a second amended complaint sitting there right now, right? Yes, Judge. OK, and the district court says, look, that second amended complaint still has some medical claims in it, right? Right, yes, Judge. You can't pursue your medical claims. So I enforce the settlement as medical claims and go amend your complaint again and take out the medical claims. Is that what happened? Yes, yes. That's what the court said. What other claims do you have against Clayton County and the sheriff besides the medical claims? Boston Prisonment, Mental Disorders, and the other claims, yes. Boston Prisonment, what else? And you have some state law claims. State law claims. You've got a whole bunch of claims. Yes, Judge. And they're still sitting there right now. The settlement agreement didn't take them away. Do you see what I'm trying to say? Sometimes you're right. Granting a motion to settlement, granting a settlement agreement will take away everything. But in this case, it still left you with some claims against the sheriff, Boston Prisonment, state law, like Judge Drew. You still got a complaint there. Not only that, the district court said, by the way, and I thought it was discretionary, but they really tried to help you. They said, and you can now go file an amended complaint even and get your complaint kind of situated, take out these in-settlement ones that go away, and leave all the rest, what you have and what have you. I'm not saying you agree with it, Drew. I do. I do understand what the court said. You've got a claim sitting there right now. And so these cases about enforcing and granting, a lot of it depends what else is left in the case. There's still stuff sitting there. There are claims against us. You just said so, against the sheriff right there. So we don't look at a case piecemeal part of the time. That may be right or wrong, but that's what the law is. We wait till the whole thing's over, and then you can bring it all up. Do you see what I'm saying? I do. I do. That's my concern, is that we don't have jurisdiction. The whole case isn't over. There's still a bunch of your case back there. You've got some claims still sitting in the district court. I'm just trying to explain to you the concern. I do, and it's received by counsel, and I understand the court's concern. I do would like to present to the court, and I'm processing as we say this now, Judge. I would like to present to the court, though. We want to give you more time so you can address the other matters. Can you please give him six or seven more minutes, please? We've taken you a long way from your time with regard to the jurisdiction, and so we want you to be able to address the merits issues for Ms. Hill, so go ahead and do that now. Yes, Judge. With respect, if it did please the court, we would happily supplement or provide a brief on that particular matter to address that specific issue if the court was so inclined. With respect to the remainder of Ms. Hill's concerns, the first thing was standard. It came in two parts. You had people that wanted to accept accountability, and they said, let's go to a mediation. And the offer for mediation was extended to both parties. I'm explaining this foundation to the court because it goes to the intent and the understanding and the communication between the parties. Correct Health and Dr. Charles Clompton said, okay, we'll settle. We'll go to mediation, and we reached a settlement. And that settlement was memorialized. And in that settlement, they asked to be dismissed with prejudice. They wanted out of the case. They bargained for a specific act. And based on that, they were done. That's what happened. We signed, and it was dismissed. They have no standing with this court anymore. You mean the minute you dismissed them, they couldn't ask Ms. Hill to do her part of the settlement agreement, whatever that may have been? They can in state court pursuant to Corker. The court never lost jurisdiction of this case because the complaint remained against other individuals. The court never – this is not a case. I understand your position. But here's what I think the potential problem may be. Yes, sir. In the normal Corkerian or Corkerian procedural framework, you have one plaintiff, one defendant. Yes, sir. As a result, the defendant gets dismissed, and the entire action gets dismissed. If the district court doesn't expressly retain jurisdiction, you are right that the party can't then come in to enforce the settlement agreement. But here is a dismissal and settlement as to only two of the defendants, the case still alive in the district court because you have claims against other defendants. So the district court didn't lose jurisdiction over the case. Why couldn't they come in to enforce the settlement agreement? The case, you have the case and you have the defendants. The district court did not lose jurisdiction over the entire case. They did lose jurisdiction over those two defendants. Those defendants could not turn around the next day and file any other action pursuant to this. They couldn't say we want to submit some more evidence. They would have had to ask permission. They were done. Well, let me ask you this. Let's assume things played out this way. Assume that Ms. Hill settled with the medical provider and the doctor, right? Yes, Judge. And as part of the settlement agreement, you, Ms. Hill, agreed to dismiss them, and they agreed to pay you a certain amount of money over the next 30 days, right? Yes, Judge. You and Ms. Hill dismissed them the next day for the action as the settlement agreement required, right? They failed to pay Ms. Hill the amount that they promised to pay. Can you ask the district court to enforce? I cannot, Judge. I would have to. I would have, because they have lost jurisdiction pursuant to Cochrane. If I was to recover, it becomes an ancillary issue pursuant to Cochrane, an issue of contract, not based in the original suit. Ms. Hill and myself would have to go to state court and recover on a state level, because now it is an issue of contract. This is not an issue based in the 1983 Civil Rights Action. That doesn't make any sense, because Cochrane is based on jurisdiction of the case and losing jurisdiction of the subject matter of the case, not of losing jurisdiction over an individual defendant, because that's usually a matter of personal jurisdiction, not subject matter jurisdiction. Or am I just misreading the case? I think the judge is . . . I never question what the judge has read the case. He may read the case all the time. I submit the last part, one of the last lines in Cochrane is that if the party has an issue with this, they have to take it to state court, and that's the quote, even though they say that the jurisdiction is not . . . Who made the motion to enforce the settlement agreement? That's another thing, Judge. The party that made the motion to enforce it, Judge, was the party that was still in the case. Well, that was part of the case. Victor Hill and Clinton County. And we said . . . We're not even talking about correct health of the doctor. They came in and said, no, this settlement agreement, we are a third-party beneficiary of this settlement agreement, and it resolves all medical claims, and we should get the benefit of that. And then the district court said, yes, that's so. And we . . . That's correct, Judge. You disagreed with that. Absolutely, I did. And that's what you're trying to appeal now. Yes, yes, ma'am.  What we're saying, I'm just trying to explain it, is you have some other claims against . . . So the district court says, I'm taking away your medical claims against Hill and the sheriff, okay? I mean, the sheriff is Hill. I'm taking away your medical claims under the settlement agreement against the sheriff and the county. But you still have these other claims, and I'll even let you amend the complaint again. Okay? And that's what's still there. And it's a very . . . It's still pending, so you have to wait until the end of the case, and I'm just speaking for myself, to get into this appeal that settlement agreement deal. See? That's the problem. It's an interlocutory order. It doesn't resolve the whole case. It only took away some of your claims. It didn't take away all of your claims. I'm just trying to explain it, if that helps at all. It does, Judge. Okay. And so you still got a whole bunch of claims. I don't know. I have to go read the order and read your complaint. I don't know what kind of medical claims you do or don't have left, but that would be . . . or whether they can even take the benefit as a third party to the . . . You know, that may be an issue. And that's one of the other things that the counsel is saying, that if these claims go away, she doesn't have a case. So if they take that position, we should be able to resolve it. Well, I'm sure they say she doesn't have a case except for the medical. We settled those, and, you know, and your argument is, no, you didn't, only they're not third party beneficiaries. The settlement agreement should be . . . I don't know the answer to all of that. Okay. Yes, Judge. I think we may need to be clear. We're not ruling on any of that. All right. I think it is necessary to appeal for lack of jurisdiction at this time. Okay, Mr. Albor, we're going to give you your full time for rebuttal. All right. Thank you, Judge. Thank you very much. Thank you, Judge. Mr. Davies. Yes. Thank you, Your Honor. May it please the Court. There's two points of clarification I'd like to make about the jurisdictional issue. One is, this is sort of, it's a messy situation for sure just because of the way it all played out, but with respect to the currently pending complaint, there are a bunch of claims in there besides the medical care claim. I believe, I don't want to say with 100% certainty because I don't want to mislead you, but I believe all those other claims were previously dismissed by the district court in response to our motion to dismiss. That would have been the district court's order of December 9th of 2022. For example, the false imprisonment claim. That, I believe, was dismissed so that . . . Well, the current complaint was not the complaint that the district court ruled on because that complaint was filed three months later. What happened was the existing complaint when we filed our motion to dismiss contained the medical claims and the state law claims and all the others that Touch Hall referred to a few moments ago. The district court granted our motion, and I should have said this to be clear, I'm representing just the county. Mr. Greenblatt's representing the sheriff. So, when I'm referring to our, I'm meaning the county. All the claims against the county were dismissed except for the 8th and 14th Amendment claim for denial of medical care. So, following the district court's order of December 9th, 2022, there was only one claim against the one substantive claim. There was a claim for attorney fees, that sort of thing, but one substantive claim remaining. That was December 9th, 2022. The other parties, plaintiff and the other defendants, except for the sheriff, then mediated four days later on December 13th. So, going into that mediation and when the provision at issue in the release that the merits of the motion to enforce the settlement are about, was considered, there was, again, just the one constitutional claim for denial of medical care pending. When was the complaint that's pending now in the district court, when was that filed? After this dismissal order? Yes, it was filed on. It includes all the claims that were a subject of the complaint that was dismissed with the one exception. Yeah, and you don't need to say, you need to, those were already dismissed and get rid of those too, but he hadn't done that yet. Right. The motion to enforce the settlement agreement didn't do it. In fact, it was not only a new complaint, it was a second amended complaint, which has never been ruled on at all. Exactly. That complaint, which I believe is, it's actually filed as Clayton County Defendant's amended complaint, that was filed March the 6th of 2023. So, three months after the order of dismissal and a little less than three months after the settlement occurred. This was the complaint ostensibly that the plaintiff was filing in order to comply with the settlement agreement, but it didn't for both reasons. It included the medical care claim and it included all the claims that had previously been dismissed. But the point is for jurisdiction is that this complaint is still pending. The settlement, this may not matter to the resolution of the jurisdictional issue, but did the settlement agreement require Ms. Hill to file an amended complaint that omitted the previously dismissed claims or just omitted the medical care claims? Well, it only specifically says plaintiff will amend the complaint in the action to reflect the dismissal of such claims, which is referring previously in that paragraph to the medical care claims. You need to take some action to get the non-medical claims dismissed at some point.  The agreement will do it for you as to those other claims.  Yeah, and the motion to enforce really should have said a motion to strike the claims that they were in that had already been dismissed. Probably so. I don't know what all needs to be done. I just know there's something still there. That's the basic point. Aside from the what? And what's ever been dismissed before, there's a second amended complaint that's pretty lengthy.  How many pages is this? Thirty-four. Yeah, so it's got a bunch of claims. I'll have to look at that. Yes. So, but I think the fact that it includes claims that were previously dismissed doesn't really change the analysis or the argument that we have because the bottom line is that all claims against all defendants have not been resolved. Something, whatever it is, something remains to be done in the district court and that's why the order at issue is not a final order under Section 1291. What is the claim that's still there? I believe, and I'm going to look at my colleague for confirmation, I believe it's a claim under OCGA 13611. Is that right? But anyway, it's on the attorney's case file. Yes, I'm sorry. I do remember that. It was 13611 as well as Section 1988 of the federal statutes. Okay. But, I mean, those are, if the substantive claims are dismissed. At least in this case there's no jurisdiction. Yes. Okay. Did the district court on the motion of any party take any action with regards to the medical provider and the doctor after the settlement agreement was entered into? Yes, and thank you for the reminder. That was the second point I wanted to make is that when Plaintiff raised this argument, the district court entered two amended orders of dismissal of correct health and the doctor that specifically said that the court was retaining jurisdiction. When were those entered? The second amended complaint or before? Or during the whole litigation about enforcement? I'm sorry, I don't know the exact answer, but it would have been certainly after the motion to enforce settlement was filed because that's when some of these arguments started to crop up. You're saying the district court at some point expressly said in an order that it was retaining jurisdiction?  To consider post-settlement matters like enforcement? Exactly. Exactly. So if the court has any other questions on the jurisdictional argument, I'm happy to address them. Otherwise, I'll move on unless... Go ahead. Okay. So the crux of the argument on the merits is two points really. Whether the third party beneficiary rule has been satisfied in this case and then how the release language is to be interpreted. I brought physical copies because I didn't know if there would be an ELMO or something like that of the release settlement agreement to give to you all if you'd like a copy. Is there a release and settlement agreement or just all one document? Just all one document. And was it called? We don't have anything in common. We would have called this before. We could have... We don't have anything right now. But you can see copies with the clerk and...  It's titled Confidential Settlement Agreement and Release. And the key section is section 1.2. And, I mean, it essentially says that plaintiff is not further pursuing any medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties and then goes on to say plaintiff's claims against the non-released parties arise from allegations that the county and the sheriff failed to promptly present an injured or ill inmate to correct health employees and or prevented an inmate from receiving medical care. Following that is then the sentence I read earlier that says plaintiff will amend to dismiss such claims. All right. So is your position that they can pursue some medical claims against the sheriff in Clayton County? I know you say that they're not meritorious, but they can pursue them? I don't believe they can pursue any medical claims, Your Honor. They're trying to make this distinction between... But you have to interpret the settlement agreement to know that. Well, I think they say it pretty clearly. I know, but you know you have to unlock the settlement agreement. Somebody would have to interpret it, not that the district court did. Sure. And so did the district court enforce it as to Clayton County and... Yes. Okay. Yes, Your Honor. So that's an issue that has yet to be determined on appeal, but you're just saying we can't do it right now. Right. The district court said that that's what the settlement agreement provided, ordered the plaintiff to file another amended complaint within 14 days to comply, and instead we got a notice of appeal, and that's how we got to where we are now. Well, that's because they feel like the other claims aren't as valuable as the medical claims against the county, and they want to pursue those, so that's why they appeal now. And you say all these other claims were dismissed anyway, and it may just be something administrative the district court's got to do. I don't know exactly procedurally what it's got to do. It's just not done yet. Right. And I know my time has expired. If I could just make one concluding sentence, if I may. The plaintiff's main argument now is this so-called distinction between the delivery of medical care versus the non-delivery of medical care. That's not really a distinction that the law of this type of claim recognizes, and, in fact, the plaintiff never made this distinction until now. You can see even in his current complaint, he says, the plaintiff brings this action based on the total and complete denial of medical care, which led to the suffering of Ms. Tiana Hill and the death of her baby. That's in the introductory words of the current complaint at the top of page 2. It's not in an enumerated paragraph. But you can see there, this is what these claims are about, denial of care. And if you want to recognize the distinction that the plaintiff's attorney is making, total and complete denial sure sounds a lot like non-delivery, if he's relying on that distinction. Okay, Mr. Daley, thank you very much. Thank you, Your Honor. Good morning. May it please the Court. I want to just clarify a couple of things on the jurisdictional argument. Mr. Daley was right. The district court had already addressed a number of claims that are included in the operative complaint right now. One of them, though, the false imprisonment claim, the district court previously dismissed that against correct health and Dr. Clapton. But that claim hasn't been addressed as far as Victor Hill. So that claim is still pending and still live, which means that the district court needs to address it. Then regarding the third-party beneficiary, the release language specifically points out that the plaintiff is going to dismiss claims related to medical care brought against Victor Hill and Clayton County. And there's case law out there that says that parties that aren't specifically invoked and they just receive some sort of ancillary benefit from a settlement release they're not a party to, that they can't bring a motion to enforce that settlement agreement. But there are a bunch of Georgia cases out there that say if there's some sort of invocation in the settlement agreement or the release that says that these claims are going to be dismissed or this party is going to benefit from that, then those parties have standing to enforce that settlement. Otherwise, Mr. Daley, I'm not going to reiterate a bunch of arguments that have already been made, but I'll be happy to answer any other questions that the court has. On behalf of Ms. Hill, I greatly appreciate the court's attention and dialogue with direction in this case. Not to beat the bush, I just tried to, well, I am beating the bush, and I'm not saying that anybody didn't read anything correctly. It just seems that the interpretation of Kekonen supports Ms. Hill's position in that once those parties are out of the case, as it may be judicially, it may serve judicial economy to keep them back, they don't have a right. They have to go to. I haven't looked at this part of the record, so I'm not saying he's correct or not, but he says that the district court entered an order on the settlement agreement. Oh. It did issue the court after this. I can give you the dates of that. The district court did issue the court in attempts to retain the reduction of jurisdiction. That was on 1025. The actual order of things for the court, if I can, the order granting the motion to dismiss with prejudice for both parties was done on 1-27-2023. Dismiss with prejudice for Charles Clopton. 2-2-2023, correct health was dismissed with prejudice. They were out. In 8-3-23, so several months later, the order granting the motion to enforce settlement agreement was signed by the court. After that, on 1025, the court reissued an order in an attempt to retain jurisdiction. That's violative of the courts of the law that we've cited. They've said that you can't do that. If your chronology is right, I think you're correct that the court can't do it after the fact. And that's what they did, Judge. That's what happened in this case. The point is that the court may not have lost jurisdiction over the case because you still had a second complaint pending with claims against other defendants. So the question is whether Kokanen applies on a per-defendant basis or on a case-wide basis. That's the distinction. We submit, and we think that once the court gets a chance to review the case, it depends on a defendant. The case can still go on. Ms. Hill could still move on and not have the other two defendants that she left be in the case. Her case still goes on. But with respect to them, they don't have a case. They don't have a right to participate. They can't bring a motion. And if they can't bring it, we have to deal with that procedural issue first. Do you have standing to even bring that motion to enforce? Who brought the motion to enforce? Sheriff Victor Hill and Clayton County. Whether it's a good motion or not is something else. They can bring any motion, but do they have standing to enforce a settlement agreement for which they were not a part of? That goes to the scope and the effect of the settlement. It depends on what the settlement agreement says. They have standing to bring the motion. Now, they may not win it because of what the terms of the settlement agreement says. Judge Thrash also closed the case. He just closed the case after you filed your appeal. From my research, I saw that that is essentially a dead docket, so he can still move forward. Whatever happens, if we don't have jurisdiction, the reason is that there's still a lot of claims pending. And that means the case can't just be administratively closed. Something else has to happen before the case ends. And Ms. Hill wants to proceed against Clayton County and Sheriff Hill on some other claims. Okay, Mr. Albert, thank you very much. We understand the party's positions, and we appreciate the argument of all three of you. Okay, we're in recess for this week.